*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| KALEB LEE BASEY, | ) | |
| | ) | Supreme Court No. S-16609 |
| Appellant, | ) | |
| | ) | Superior Court No. 4FA-16-02509 CI |
| v. | ) | |
| | ) | O P I N I O N |
| STATE OF ALASKA, DEPARTMENT | ) | |
| OF PUBLIC SAFETY, DIVISION OF | ) | No. 7214 – December 29, 2017 |
| ALASKA STATE TROOPERS, | ) | |
| BUREAU OF INVESTIGATIONS, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Douglas Blankenship, Judge.

Appearances: Kaleb Lee Basey, pro se, Fairbanks, Appellant. John J. Novak, Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger and Carney, Justices.

BOLGER, Justice.

## I.    INTRODUCTION

In this appeal, Kaleb Basey argues the Alaska State Troopers (AST) must comply with his requests for certain public records.  The State contends the requested records are statutorily exempt from disclosure because the records pertain to currently pending federal cases:  a criminal case against Basey and a related civil suit he brought against various state employees.  We conclude the State has not established that disclosure of these records "could reasonably be expected to interfere with enforcement proceedings"[1] or that either of these pending actions "involv[es] a public agency"[2] as required by the statutory exceptions the State cites.

## II.    FACTS AND PROCEEDINGS

Basey was the subject of a joint criminal investigation conducted by AST and the Fort Wainwright Criminal Investigation Division.  He is now a party to two federal cases stemming from that investigation.  First, Basey was indicted by a federal grand jury in December 2014 and is the defendant in a federal criminal case.[3]  Second, Basey brought a federal civil rights lawsuit in January 2016 against more than a dozen named individuals, including AST officers, based on their alleged actions during the investigation and his arrest.[4]

In September 2016 Basey filed two public records requests with AST.  He sought records related to his specific investigation, records related to AST's use of

---

[1]    AS 40.25.120(a)(6)(A).

[2]    AS 40.25.122.

[3]    Indictment, *United States v. Basey*, No. 4:14-CR-00028 (D. Alaska filed Dec. 16, 2014).

[4]    Complaint, *Basey v. Hansen,* No. 4:16-CV-00004 (D. Alaska filed Jan. 15, 2016).

military search authorizations, and disciplinary and training certification records for two AST investigators who are defendants in the civil case.[5] About a week later AST denied Basey's requests on the basis that all of the information he requested pertained to pending litigation. Basey appealed to the Commissioner of the Department of Public Safety,[6] challenging AST's determination that the records were not disclosable and arguing that any nondisclosable information could be redacted. The Commissioner denied the appeal. The denial letter stated that the requested records "pertain to a matter that is currently the subject of civil and/or criminal litigation to which [Basey is] a party" and that pursuant to AS 40.25.122 the records "continue to be unavailable through [a public records request] and must be obtained in accordance with court rules."

Basey subsequently filed a complaint in superior court to compel AST to produce the records. The State filed a motion to dismiss, asserting that two statutory exceptions justified the denial of Basey's requests. First, the State claimed that "[AS] 40.25.120(a)(6)(A) authorizes refusal to disclose records when the records pertain to a pending criminal prosecution," and it asked the court to take judicial notice of the pending federal criminal case. Second, the State claimed "[AS] 40.25.122 authorizes refusal to disclose records when the requestor is a party in a pending civil lawsuit that relates to the sought after records," and it asked the court to take judicial notice of the pending federal civil case. The State attached a redacted version of the federal civil complaint to its motion.

---

[5] Basey apparently believes these records are relevant to — among other things — his theory that AST has a pattern of using military search authorizations for civilian investigations in violation of the Posse Comitatus Act, 18 U.S.C. § 1385 (2012). *See generally United States v. Dreyer*, 804 F.3d 1266, 1272-77 (9th Cir. 2015) (en banc) (discussing and applying the Posse Comitatus Act).

[6] *See* 2 Alaska Administrative Code (AAC) 96.340(a) (Supp. 2016).

Basey opposed the motion, challenging the State's characterizations of the cited statutory exceptions. Citing *Brady v. State*[7] and an attorney general opinion,[8] he argued that the AS 40.25.122 litigation exception applies only when the requestor is "involved in litigation *with the state*" and that he had named individual persons, not the State, in his civil suit. (Emphasis in original.) Basey also argued that the AS 40.25.120(a)(6)(A) law-enforcement exception did not apply because the State had not "made a sufficient showing . . . that disclosure of the requested records and information would reasonably interfere with enforcement proceedings."[9]

Without holding a hearing, the superior court dismissed the case with prejudice "[b]ased upon the reasoning in [the State's] Motion to Dismiss."

## III. STANDARD OF REVIEW

The State did not indicate the procedural basis for its motion to dismiss, nor did the superior court do so in granting the motion. We construe the motion as one to dismiss for failure to state a claim pursuant to Alaska Civil Rule 12(b)(6),[10] which we

---

[7] 965 P.2d 1 (Alaska 1998).

[8] 1994 INFORMAL OP. ATT'Y GEN. 99.

[9] Basey also argued that the State had violated 2 AAC 96.330 (Supp. 2016) by failing to segregate and redact nondisclosable information to provide otherwise disclosable records. He renews this argument on appeal, but we do not address it as we reverse on other grounds. The superior court may address it on remand as appropriate.

[10] *See Shooshanian v. Wagner*, 672 P.2d 455, 461 (Alaska 1983) (explaining that a Rule 12(b)(6) motion "tests the legal sufficiency of the complaint's allegations" (quoting *Dworkin v. First Nat'l Bank of Fairbanks*, 444 P.2d 777, 779 (Alaska 1968))). Our disposition of this appeal would be the same were we instead to construe the motion as one for summary judgment. *See* Alaska R. Civ. P. 56.

review de novo.[11]  Under Rule 12(b)(6) "[a] complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim' that would entitle him to some form of relief."[12]  This case also presents questions of statutory interpretation, which we decide "using our independent judgment."[13]  We consider the statute's "text, legislative history, and purpose."[14]

## IV.    DISCUSSION

"[T]here is a strong commitment in Alaska 'to ensuring broad public access to government records.' "[15]  Consequently, "[e]very person has a right to inspect a public record in the state," subject to certain exceptions set forth in statute.[16]  These exceptions are "narrowly construe[d]" in order to further the legislative policy of broad access,[17] and the State generally bears the burden of showing that a record is not subject to

---

[11]      *Larson v. State, Dep't of Corr.*, 284 P.3d 1, 6 (Alaska 2012).

[12]      *Id.* (quoting *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 254 (Alaska 2000)); *see* Alaska R. Civ. P. 12(b)(6).

[13]      *Bernard v. Alaska Airlines, Inc.*, 367 P.3d 1156, 1160 (Alaska 2016) (quoting *Donahue v. Ledgends, Inc.*, 331 P.3d 342, 346 (Alaska 2014)).

[14]      *Lingley v. Alaska Airlines, Inc.*, 373 P.3d 506, 512 (Alaska 2016) (citing *Donahue*, 331 P.3d at 346).

[15]      *Fuller v. City of Homer*, 113 P.3d 659, 665 (Alaska 2005) (quoting *Fuller v. City of Homer*, 75 P.3d 1059, 1061 (Alaska 2003)).

[16]      AS 40.25.120(a); *Gwich'in Steering Comm. v. State, Office of the Governor*, 10 P.3d 572, 578 (Alaska 2000).

[17]      *Gwich'in Steering Comm.*, 10 P.3d at 578 (citing *Capital Info. Grp. v. State, Office of the Governor*, 923 P.2d 29, 33 (Alaska 1996)).

disclosure.[18]  Throughout this case, the State has relied on only two exceptions to justify AST's nondisclosure of the requested records: the AS 40.25.122 litigation exception and the AS 40.25.120(a)(6)(A) law-enforcement-interference exception.

## A.  Litigation Exception (AS 40.25.122)

Alaska Statute 40.25.122 provides that documents relating to litigation involving a "public agency"[19] are subject to disclosure, with one exception:

> A public record that is subject to disclosure and copying under AS 40.25.110-40.25.120 remains a public record subject to disclosure and copying even if the record is used for, included in, or relevant to litigation, including law enforcement proceedings, involving a public agency, except that with respect to a person involved in litigation, the records sought shall be disclosed in accordance with the rules of procedure applicable in a court or an administrative adjudication.  In this section, "involved in litigation" means a party to litigation or representing a party to litigation, including obtaining public records for the party.

Basey was unquestionably "involved in litigation" when he submitted his records requests, but he asserts that the exception does not apply because he was not involved in litigation *with a public agency*.  Rather, he was involved in litigation with individual state officers he sued in their personal capacity.  The State responds that the exception

---

[18]  *Anchorage Sch. Dist. v. Anchorage Daily News*, 779 P.2d 1191, 1193 (Alaska 1989); *see also Fuller*, 113 P.3d at 665 ("There is a presumption in favor of disclosure of public documents."); *cf. Gwich'in Steering Comm.*, 10 P.3d at 579 (explaining that for a public official to invoke the deliberate process privilege, the official "must show as a threshold matter that the communication is both 'predecisional' and 'deliberative' ").

[19]  " '[P]ublic agency' means a political subdivision, department, institution, board, commission, division, authority, public corporation, council, committee, or other instrumentality of the state or a municipality; 'public agency' includes the University of Alaska and the Alaska Railroad Corporation."  AS 40.25.220(2).

applies but does not cite any authority for its position or otherwise develop its argument.[20] Implicit in the State's unsupported argument is a contention that the litigation exception applies whenever the requestor is involved in litigation, regardless of whether a public agency is a party to the litigation.

Both Basey's narrow reading of the litigation exception and the State's broad reading are plausible on the face of AS 40.25.122: the statute's first clause refers to "litigation . . . involving a public agency," but the second clause — containing the exception — refers only to "litigation." Basey's is the more natural construction, though. Generally, "each part . . . of a statute should be construed with every other part . . . so as to produce a harmonious whole."[21] The litigation exception contained in the second clause of AS 40.25.122 is an apparent exception to the first clause: the clauses are joined with the conjunction "except," and they both refer to the same subject matter. When the clauses are read together, the litigation exception exempts from disclosure certain records

---

[20] The State comes close to making an argument when it asserts that Basey "properly could obtain the sought after materials via the discovery rules applicable in the criminal prosecution and civil rights cases, not via a public records request." But the State did not make this argument in the superior court and offers no support for it now, other than a general citation to "Federal Criminal Rule 16 and Federal Civil Rules 27-37." And the State does not explain why the supposed availability of the documents under the rules of discovery renders them unavailable under the Public Records Act. *Cf. Rowan B., Sr. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 320 P.3d 1152, 1156 (Alaska 2014) (explaining that the Public Records Act and discovery rules "[b]oth provide access to information, but they do so for different reasons and provide different types of access"). We treat this point as waived. *See Hagen v. Strobel*, 353 P.3d 799, 805 (Alaska 2015). In contrast with the State, Basey cites pertinent case law and attorney general opinions in support of his argument. *See Brady v. State*, 965 P.2d 1 (Alaska 1998); 1993-99 FORMAL OP. ATT'Y GEN. 1; 1994 INFORMAL OP. ATT'Y GEN. 99.

[21] *Ward v. State, Dep't of Pub. Safety*, 288 P.3d 94, 99 (Alaska 2012) (quoting *Forest v. Safeway Stores, Inc.*, 830 P.2d 778, 781 (Alaska 1992)).

otherwise disclosable under the first clause of the section — that is, certain records "used for, included in, or relevant to litigation . . . *involving a public agency*."[22] The exception therefore applies only when the litigation involves a public agency.

The history of the litigation exception confirms this interpretation. The apparent precursor to AS 40.25.122 is a regulation drafted by the Department of Law and adopted in 1982. Former 6 Alaska Administrative Code (AAC) 95.150 provided that if a "requestor . . . is in litigation *with an agency* in a judicial or administrative forum, disclosure of . . . records relevant to that litigation or reasonably likely to lead to the discovery of relevant evidence is governed by the rules or orders in that forum."[23] In a letter presenting 6 AAC 95.150 and related regulations, Attorney General Wilson Condon explained that the regulation was a response to an "attempt" the preceding year "by an attorney in the midst of litigation to carry on discovery of evidence outside the parameters of the court rules."[24] According to Attorney General Condon, the attorney's use of the Public Records Act to obtain discovery had "intruded on the state's ability to

---

[22]    AS 40.25.122 (emphasis added). *Cf. N. Alaska Envtl. Ctr. v. State, Dep't of Nat. Res.*, 2 P.3d 629, 635-36 (Alaska 2000) (reasoning that a statute's exemption of permit issuances from a written-findings requirement otherwise applicable to "disposals" implies that permit issuances are "disposals"); 2A NORMAN J. SINGER & SHAMBIE SINGER, STATUTES AND STATUTORY CONSTRUCTION § 47:11, at 326 (7th ed. 2014) ("Exceptions, like provisos, restrict general legislative language.").

[23]    Former 6 AAC 95.150 (eff. 10/8/1982; repealed 11/6/1994) (emphasis added). Another pertinent regulation, still in effect, is 2 AAC 96.220 (Supp. 2016). It provides: "[A] public agency may inquire whether [the requestor] is a party, or represents a party, involved in litigation with the state or a public agency to which the requested record is relevant. If so, the [requestor] shall be informed to make the request in accordance with applicable court rules." While 2 AAC 96.220 does not state that the litigation exception applies only when the requestor is involved in litigation with a public agency, it strongly implies that this is the case.

[24]    1982 INFORMAL OP. ATT'Y GEN. 493, 497.

present its case at trial since the state's witnesses had to divert their attention from the trial to respond to the requests."[25]

The legislature took up this issue eight years later in 1990 when it enacted House Bill (H.B.) 405, a significant overhaul of the Public Records Act.[26] According to Assistant Attorney General Jeff Bush, who testified in support of H.B. 405, the Department of Law "worked closely" with the bill's sponsor, Representative Kay Brown, in coming to a final version of the bill.[27] The bill did not contain a litigation exception when it first passed the House.[28] But Representative Brown suggested in a memorandum to Pat Pourchot, the Chair of the Senate State Affairs Committee, that "a provision relating to public records involved in litigation" be added.[29] The proposed litigation provision was "OK with Dept. of Law/[Assistant Attorney General] Bush," according to a handwritten note on Senator Pourchot's copy of the memorandum.[30] The provision made it into the Senate State Affairs Committee substitute[31] and ultimately into the

---

[25] *Id.*

[26] Ch. 200, SLA 1990.

[27] Testimony of Jeff Bush, Assistant Att'y Gen. at 1:50, Hearing on H.B. 405 Before the Sen. State Affairs Comm., 16th Leg., 2d Sess. (Apr. 25, 1990).

[28] *See* Committee Substitute for House Bill (C.S.H.B.) 405 (FIN), 16th Leg., 2d Sess. (1990); 1990 House Journal 3021.

[29] Memorandum from Rep. Kay Brown to Sen. Pat Pourchot on C.S.H.B. 405, 16th Leg., 2nd Sess., Alaska Leg. Microfiche Collection No. 6708 (Apr. 7, 1990).

[30] *Id.*

[31] Senate Committee Substitute for Committee Substitute for House Bill (S.C.S. C.S.H.B.) 405 (STA), 16th Leg., 2d Sess. (1990).

enacted statute,[32] and it is now codified at AS 40.25.122.[33] After the Senate's version of H.B. 405 had passed both chambers, Attorney General Douglas Baily sent a bill review letter to Governor Steve Cowper in which he discussed the litigation exception.[34] He wrote that AS 40.25.122 was "consistent with . . . 6 AAC 95.150 and [did] not change existing law."[35]

The foregoing history shows that the litigation exception was initially conceived to protect the State during litigation — to ensure that the State receives the protections afforded by the rules of discovery. Attorney General Condon cited this purpose when he presented former 6 AAC 95.150, and in fact 6 AAC 95.150 only applied when the requestor was in "litigation with an agency." There is no indication that the legislature intended a different purpose when it enacted AS 40.25.122. To the contrary, the Department of Law's substantial involvement in drafting H.B. 405 and its approval of adding a litigation provision to the bill suggest that AS 40.25.122 was intended as a statutory replacement for 6 AAC 95.150. Attorney General Baily's contemporaneous interpretation of AS 40.25.122 strongly supports this conclusion.[36]

---

[32] Ch. 200, § 6, SLA 1990.

[33] The litigation provision was originally codified at AS 09.25.122 but was later renumbered as AS 40.25.122. AS 40.25.122 revisor's note.

[34] Letter from Att'y Gen. Douglas Baily to Gov. Steve Cowper, File No. 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 (June 18, 1990).

[35] *Id.*

[36] We "exercise[] [our] independent judgment on matters of statutory interpretation," and the weight we accord an attorney general's "opinion[] is largely" a matter of "discretion." *Grimes v. Kinney Shoe Corp.*, 938 P.2d 997, 1000 n.7 (Alaska 1997) . Here, Attorney General Baily's interpretation is entitled to significant deference given that the Department of Law drafted the original version of the litigation exception,
(continued...)

The history of the litigation exception thus indicates the exception was intended to apply only when the requestor is involved in litigation "involving a public agency."[37]

Former Attorney General Bruce Botelho reached the same conclusion in a 1994 informal opinion.[38] He referred to the legislative history, citing Attorney General Baily's bill review letter and former 6 AAC 95.150.[39] He further explained that "[t]here are legitimate public policy reasons for differentiating between record requests made by parties involved in litigation against the state and those made by other parties":

> When the state is involved in the litigation, requiring the discovery rules to apply to documents sought by the other side ensures that the state is not disadvantaged in litigation by its public records statutes. . . . [I]t ensures equal footing for the state. This analysis simply does not apply when the state isn't a party to the litigation.[40]

Attorney General Botelho briefly addressed this issue again in a formal opinion to the Commissioner of the Department of Public Safety on "requests for public release of . . . law enforcement records."[41] There too he concluded that the litigation exception applies

---

[36]    (...continued)
former 6 AAC 95.150, and was substantially involved in drafting H.B. 405. *Cf. Flisock v. State, Div. of Ret. & Benefits*, 818 P.2d 640, 645 (Alaska 1991) ("The interpretation of legislation by . . . the agency that sponsored the bill is entitled to be given weight by the court in construing the intent of the statute.").

[37]    AS 40.25.122.

[38]    1994 INFORMAL OP. ATT'Y GEN. 99.

[39]    *Id.* at 99-100.

[40]    *Id.* at 100.

[41]    1993-99 FORMAL OP. ATT'Y GEN. 1.

only to "records sought in conjunction with *litigation involving the State*."[42] He explained that the purpose of the exception was to "ensure[] that the state and its agencies are given the same protections afforded all litigants by the court rules governing discovery even when the documents sought are public records."[43] We find the reasoning in these opinions persuasive, and the State does not repudiate the opinions or otherwise attack their reasoning.[44]

Finally, we note that we endorsed Basey's narrow interpretation of AS 40.25.122 in *Brady v. State*.[45] We wrote that the statute "limits access to otherwise public records by 'person[s] involved in litigation' *with the State*."[46] That case did not present the question whether the litigation exception applies only when the requestor is

---

[42]    *Id.* at 3-4 & n.3 (emphasis in original).

[43]    *Id.* at 3.

[44]    *See Bullock v. State, Dep't of Cmty. & Reg'l Affairs*, 19 P.3d 1209, 1216 (Alaska 2001) ("Attorney General's opinions, while not controlling, are entitled to some deference in matters of statutory construction."); *Allison v. State*, 583 P.2d 813, 817 n.15 (Alaska 1978) (indicating that whether an attorney general's opinion has "been challenged" is a factor to be considered in deciding how much weight to accord the opinion (quoting *Smith v. Mun. Court of Glendale Judicial Dist.*, 334 P.2d 931, 935 (Cal. Dist. App. 1959))); *see also supra* note 36.

[45]    965 P.2d 1, 18, 22 (Alaska 1998).

[46]    *Id.* at 18 (alteration in original) (emphasis added) (quoting former AS 09.25.122 (1998), later renumbered as AS 40.25.122); *see also id.* at 22 ("The statute . . . directs in mandatory language that 'with respect to a person involved in litigation [*with a public agency*], the records sought shall be disclosed in accordance with the rules of procedure applicable in a court.' " (alteration in original) (emphasis added) (quoting former AS 09.25.122 (1998), later renumbered as AS 40.25.122)).

involved in litigation with a public agency or applies more broadly,[47] and thus our interpretation of AS 40.25.122 in *Brady* is perhaps dictum.[48] Nonetheless, it is significant that the narrow reading of the litigation exception seemed most natural to this court.[49]

The litigation exception in AS 40.25.122 thus applies only when the requestor is involved in litigation "involving a public agency." The State failed to establish Basey was involved in such litigation. Basey's complaint refers to his criminal case, but that case is being prosecuted by the federal government, not the State. The federal government is not a "public agency" as defined in the Public Records Act.[50]

---

[47] Rather, we addressed an equal protection challenge to the litigation exception, finding the challenge inadequately briefed and thus waived. *Id.* at 19. We also reviewed the superior court's dismissal on summary judgment of a claim that state officials retaliated against a litigant by applying the AS 40.25.122 litigation exception "overbroadly." *Id.* at 22. We held that the claim was properly dismissed because an official's "letter offering to permit [the litigant] access to all public records, if [he] would commit in writing not to use such access to gather documents for litigation, rebut[ted] any inference that officials were acting with retaliatory intent." *Id.*

[48] *See VECO, Inc. v. Rosebrock*, 970 P.2d 906, 922 (Alaska 1999) ("Dicta is defined as '[o]pinions of a judge which do not embody the resolution or determination of the specific case before the court.' " (alteration in orginal) (quoting BLACK'S LAW DICTIONARY 454 (6th ed. 1990))); *see also Joseph v. State*, 26 P.3d 459, 468-69 (Alaska 2001) ("Dictum is not holding.").

[49] The State also assumed in *Brady* that this was the correct reading. *See* Brief of Appellees at 12 n.1, *Brady*, 965 P.2d 1 (No. S-07916), 1997 WL 34617347, at *12 n.1 (stating that AS 40.25.122 applied "because the [appellants were] involved in litigation with the State").

[50] AS 40.25.220(2); *see supra* note 19.

The State requested that the superior court take judicial notice of Basey's civil case,[51] but no public agency is a party to that case either. Rather, Basey's civil complaint names a number of individual state officials as defendants, and explicitly states Basey is suing them "[i]n their individual capacities."[52] Basey brought his complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,[53] neither of which provides for a cause of action against a state or state agency.[54]

The State has not argued that Basey's civil or criminal case "involv[es] a public agency" in some way other than a public agency being a party to the case, and we do not address this possibility. In other words, we decline to decide whether a public agency might be involved in litigation for the purpose of AS 40.25.122 even though it

---

[51]     Basey argues the superior court erred in taking "judicial notice of disputed matters outside the pleadings without converting the motion to dismiss [into a motion for summary judgment] or explicitly stating that said matters were being excluded." *See Pedersen v. Blythe*, 292 P.3d 182, 185 (Alaska 2012) ("[J]ust as it does when converting a motion to dismiss [to a motion for summary judgment], the court must give notice . . . of its intent to take judicial notice and 'afford [the parties] an opportunity to dispute the facts judicially noticed.' " (quoting *Schwartz v. Commonwealth Land Title Ins. Co.*, 374 F. Supp. 564, 579 (E.D. Pa. 1974))). Since we reverse the superior court on other grounds, we do not address this argument.

[52]     Complaint, *supra* note 4, at 1.

[53]     403 U.S. 388 (1971); *see* Complaint, *supra* note 4, at 2.

[54]     *See State, Dep't of Corr. v. Heisey*, 271 P.3d 1082, 1095 (Alaska 2012) ("A *Bivens* claim is a judicially created claim which gives relief to plaintiffs claiming federal constitutional violations *by federal agents*." (emphasis added)); *State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs. v. Native Vill. of Curyung*, 151 P.3d 388, 403 (Alaska 2006) ("The [United States] Supreme Court has unequivocally held that states are not proper defendants under § 1983." (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997))).

is not a party to the litigation, and we decline to decide whether the State has shown any such involvement. We conclude it was error for the superior court to grant the State's motion to dismiss pursuant to AS 40.25.122.

## B.      Law-Enforcement-Interference Exception (AS 40.25.120(a)(6)(A))

The State invokes an additional exception to the Public Records Act. Alaska Statute 40.25.120(a)(6)(A) provides that law enforcement records are not subject to production under the Public Records Act if disclosing them "could reasonably be expected to interfere with enforcement proceedings." Although Basey is involved in an enforcement proceeding as a defendant in a federal criminal action, he contends the State failed to show that disclosure of the requested records could reasonably be expected to interfere with the federal proceeding. Echoing the argument that it made in the superior court, the State responds — without elaboration — that AS 40.25.120(a)(6)(A) allows AST "to decline to disclose the [requested records] in light of their being the subject matter of the pending criminal prosecution."

We need not decide today precisely what kind of showing the State must make to invoke AS 40.25.120(a)(6)(A). It suffices to say the State cannot invoke the law-enforcement-interference exception merely by pointing to a pending criminal case involving the requestor. If the legislature had intended to create a per se exception that applies any time the requestor is being prosecuted — even by the federal government and not the State — the legislature would not have required that the requested records be "reasonably . . . expected to interfere" with the prosecution.[55]

Based on the record before the court, dismissing Basey's complaint pursuant to AS 40.25.120(a)(6)(A) was error. Basey's complaint referred to his federal criminal prosecution, but nothing in the complaint shows "beyond doubt" that disclosure

---

[55]      AS 40.25.120(a)(6)(A).

of the requested records could reasonably be expected to interfere with the federal criminal case.[56] Even if we assume that the superior court converted the motion to dismiss into one for summary judgment,[57] it was error to grant summary judgment on the basis of this exception.[58] The State did not offer any evidence showing — and did not even allege — that disclosure of the requested records could reasonably be expected to interfere with enforcement proceedings.[59]

## V.  CONCLUSION

Because the State failed to show that the litigation exception or the law-enforcement-interference exception applies, we REVERSE the superior court's grant of the State's motion to dismiss and REMAND for further proceedings consistent with this opinion.

---

[56]  *Larson v. State, Dep't of Corr.*, 284 P.3d 1, 6 (Alaska 2012) (quoting *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 254 (Alaska 2000)).

[57]  *See* Alaska R. Civ. P. 12(b).

[58]  *See* Alaska R. Civ. P. 56(c); *Reasner v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 394 P.3d 610, 613-14 (Alaska 2017) ("[S]ummary judgment is appropriate only when no reasonable person could discern a genuine factual dispute on a material issue." (alteration in original) (quoting *Christensen v. Alaska Sales & Serv., Inc.*, 335 P.3d 514, 520 (Alaska 2014))).

[59]  *See French v. Jadon, Inc.*, 911 P.2d 20, 23 (Alaska 1996) ("The moving party has the burden of proving an absence of issues of material fact.").