*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| KALEB LEE BASEY, | ) |
| | ) Supreme Court No. S-17099 |
| Appellant, | ) |
| | ) Superior Court No. 4FA-16-02509 CI |
| v. | ) |
| | ) O P I N I O N |
| STATE OF ALASKA, DEPARTMENT | ) |
| OF PUBLIC SAFETY, DIVISION OF | ) No. 7446 – April 24, 2020 |
| ALASKA STATE TROOPERS, | ) |
| BUREAU OF INVESTIGATIONS, | ) |
| | ) |
| Appellee. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Douglas Blankenship, Judge.

Appearances: Kaleb Lee Basey, pro se, Lexington, Kentucky, Appellant. John J. Novak and Kimberly D. Rodgers, Assistant Attorneys General, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for Appellee. D. John McKay, Law Office of D. John McKay, Anchorage, for Amici Curiae Gray Television, Inc., d/b/a KTUU-TV and KTVF-TV; Anchorage Daily News; and Reporters Committee for Freedom of the Press. Susan Orlansky, ACLU Cooperating Attorney, Reeves Amodio LLC, Anchorage, and Stephen Koteff and Joshua A. Decker, ACLU of Alaska Foundation, Anchorage, for Amicus Curiae ACLU of Alaska Foundation. Khalial Withen and Kevin Dougherty, Alaska District Council of Laborers, Anchorage, for Amici Curiae Public Employees Local 71 and APEA/AFT.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

WINFREE, Justice.

## I. INTRODUCTION

The question in this appeal is whether state employee disciplinary records are confidential "personnel records" under the State Personnel Act and therefore not subject to disclosure under the Alaska Public Records Act. We conclude that, with one express statutory exception not relevant to this case, the answer is "yes."

## II. FACTS AND PROCEEDINGS

### A. Basey's Initial Public Records Requests, Their Denial, And Basey's Initial Superior Court Proceeding

Kaleb Lee Basey, who was convicted of federal crimes,[1] filed a federal civil rights lawsuit in January 2016 against several state troopers based on their actions during his investigation and arrest.[2] In September Basey submitted two public records requests to the Alaska State Troopers.[3] Basey's records requests sought various documents related to the investigation of his case, including two troopers' disciplinary records.

Basey's requests were promptly denied on the ground that the information pertained to pending litigation.[4] Basey appealed to the agency head.[5] The requests again

---

[1]     *See United States v. Basey*, 784 F. App'x 497, 498 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 616 (2019).

[2]     *Basey v. Hansen*, No. 4:16-CV-00004 (D. Alaska Complaint filed Jan. 15, 2016).

[3]     *See* AS 40.25.120(a) (providing general right to inspect public records, with certain statutory exceptions).

[4]     *See* AS 40.25.122 (providing exception for disclosure of public records (continued...)

were promptly denied. The denial letter stated that because the records pertained to Basey's pending litigation, under AS 40.25.122 they could be disclosed only in accordance with court rules.

Basey filed a complaint for injunctive relief in October, seeking an order directing the requested records' disclosure.[6] The State responded by seeking dismissal of the lawsuit, arguing that AS 40.25.120(a)(6)(A) authorizes its refusal to disclose records pertaining to a pending criminal prosecution[7] and that AS 40.25.122 authorizes its refusal to disclose records requested by a party to a related pending civil lawsuit.[8] Adopting the State's reasoning and declining to hold a hearing, the superior court granted the State's dismissal motion.

---

[4]    (...continued)
relating to litigation involving a public agency).

[5]    *See* 2 Alaska Administrative Code (AAC) 96.340(a) (2013) ("A requester whose written request for a public record has been denied, in whole or in part, may ask for reconsideration of the denial by submitting a written appeal to the agency head.").

[6]    *See* AS 40.25.125 ("A person having custody or control of a public record who denies, obstructs, or attempts to obstruct . . . the inspection of a public record subject to inspection under AS 40.25.110 or 40.25.120 may be enjoined by the superior court . . . .").

[7]    Alaska Statute 40.25.120(a)(6)(A) excepts from public inspection "records or information compiled for law enforcement purposes, . . . to the extent that the production of the law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings."

[8]    Alaska Statute 40.25.122 provides "that with respect to a person involved in litigation, the records sought shall be disclosed in accordance with the rules of procedure applicable in a court or an administrative adjudication."

## B.    Previous Appeal

Basey — self-represented — appealed.[9] In December 2017 we reversed the superior court's dismissal order, holding that neither disclosure exception the State had cited applied to Basey's request.[10]  We concluded that "[t]he litigation exception in AS 40.25.122 . . . applies only when the requestor is involved in litigation 'involving a public agency' " and that no Alaska public agency was a party to Basey's pending federal criminal or civil cases.[11]  We also concluded that it was error to hold AS 40.25.120(a)(6)(A)'s law-enforcement-interference exception applied because the State had offered no evidence that Basey's request would interfere with his pending federal criminal case.[12]  We remanded the case for further proceedings.[13]

## C.    Motion To Compel

Basey moved to compel production of the requested records in January 2018. The State responded by agreeing to produce certain records, denying the existence of others, and asserting that the requested disciplinary records were private personnel records exempt from disclosure under AS 39.25.080[14] and article I, section 22 of the

---

**9**      *See Basey v. State, Dep't of Pub. Safety, Div. of Alaska State Troopers, Bureau of Investigations*, 408 P.3d 1173 (Alaska 2017).

**10**      *Id.* at 1174.

**11**      *Id.* at 1179 (quoting AS 40.25.122).

**12**      *Id.* at 1180.

**13**      *Id.* at 1181.

**14**      *See* AS 39.25.080(a) ("State personnel records, including employment applications and examination and other assessment materials, are confidential and are not open to public inspection except as provided in this section.").

Alaska Constitution.[15]  Basey countered that the State had waived this exemption argument by failing to raise it in the earlier superior court or appellate proceedings, and that in any event the argument was without merit.

The superior court held a hearing on Basey's motion in May 2018.  The court stated its view that only information listed in AS 39.25.080(b) could be disclosed from a public employee's personnel records.[16]  Because general disciplinary records are not listed in AS 39.25.080(b), the court concluded that the troopers' disciplinary records could not be disclosed.  Following additional proceedings the court entered a final judgment denying Basey's request to order disclosure of the troopers' disciplinary records.

### D.    New Appeal; Invitation To Amici Curiae

Basey — self-represented — again appeals.  After the initial briefing, we invited various organizations to participate as amici curiae and submit briefs discussing the following two questions:

> 1.  As a matter of statutory interpretation, are state employee disciplinary records confidential "personnel records" under AS 39.25.080(a) of the State Personnel Act,

---

[15]    *See* Alaska Const. art. I, § 22 ("The right of the people to privacy is recognized and shall not be infringed.  The legislature shall implement this section.").

[16]    *See* AS 39.25.080(b) ("The following information is available for public inspection, subject to reasonable regulations on the time and manner of inspection: (1) the names and position titles of all state employees; (2) the position held by a state employee; (3) prior positions held by a state employee; (4) whether a state employee is in the classified, partially exempt, or exempt service; (5) the dates of appointment and separation of a state employee; (6) the compensation authorized for a state employee; and (7) whether a state employee has been dismissed or disciplined for a violation of AS 39.25.160(l) (interference or failure to cooperate with the Legislative Budget and Audit Committee).").

not subject to disclosure under the Alaska Public Records Act?

2. If the records are not confidential "personnel records" under AS 39.25.080(a) of the State Personnel Act, do state employees have a state constitutional privacy interest playing a role in whether those records might be produced under the Alaska Public Records Act? If so, what should be the balancing considerations?[17]

A brief filed jointly by Gray Television, Inc., Anchorage Daily News, and Reporters Committee for Freedom of the Press (collectively Press Amici) and a brief filed by the American Civil Liberties Union of Alaska Foundation (ACLU) support Basey's position. Two local public employees' unions — Public Employees Local 71 and Alaska Public Employees' Association/Alaska Federation of Teachers — filed a joint brief supporting the State's position.[18] Basey and the State filed supplemental briefs responding to the amici curiae's arguments.

## III. DISCUSSION

### A. Waiver Rule For Public Records Act; Law Of The Case

#### 1. Per se waiver

Basey first contends that the superior court erred by failing to hold that the State had waived its right to assert an additional disclosure exemption following the case's remand to the superior court. He argues that we should adopt a waiver rule similar to the rule for federal Freedom of Information Act (FOIA) cases. He acknowledges that no timeliness rule for asserting exemptions under Alaska's Public Records Act has been

---

[17]    *Basey v. State, Dep't of Pub. Safety, Div. of Alaska State Troopers, Bureau of Investigations*, No. S-17099 (Alaska Supreme Court Order, Jan. 28, 2019).

[18]    We thank the amici greatly for their helpful participation in this appeal.

adopted by either us or the legislature, but he contends that we should follow the lead of several federal courts and "judicially establish[] such a rule."

The D.C. Circuit Court of Appeals has held that, in FOIA cases, "as a general rule, [the government] must assert all exemptions at the same time, in the original district court proceedings."[19] This general waiver rule is based in part on FOIA's statutory goals: promoting the "efficient, *prompt*, and full disclosure of information."[20] Despite similar policy goals in the Public Records Act, we decline to adopt a similar waiver rule in this context.

There is a material difference between FOIA and the statute the State relies on. Most FOIA exemptions are discretionary,[21] but Alaska's State Personnel Act *bars* the State from disclosing confidential personnel records.[22] Holding that an agency has waived the right to assert a discretionary disclosure exemption is a very different matter from holding that an agency cannot assert its duty to comply with a state law. We cannot adopt a rule requiring the State to violate a law — and possibly prejudicing State

---

[19]     *Maydak v. U.S. Dep't of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000); *see also Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 854 F.3d 675, 679-81 (D.C. Cir. 2017) (holding government could not invoke FOIA exemption after failing to raise exemption in initial summary judgment motion).

[20]     *Maydak*, 218 F.3d at 764 (emphasis in original) (quoting *Senate of Puerto Rico ex rel. Judiciary Comm. v. U.S. Dep't of Justice*, 823 F.2d 574, 580 (D.C. Cir. 1987)).

[21]     *See Campaign for Family Farms v. Glickman*, 200 F.3d 1180, 1185 (8th Cir. 2000) ("Normally . . . an agency has discretion to disclose information within a FOIA exemption, unless something independent of FOIA prohibits disclosure.").

[22]     *See* AS 39.25.080(a) (providing generally that state personnel records "are confidential and are not open to public inspection").

employees not involved in the litigation — by disclosing employees' personnel records because the State failed to timely invoke the relevant statute.

But we also recognize that serial, delayed objections are not consistent with the Public Records Act's objectives. We have acknowledged that the Public Records Act "articulate[s] a broad policy of open records" and that the right of citizens to access public records is "fundamental."[23] The Department of Administration's regulations governing Public Records Act requests also reflect an intent to promptly fulfill requests.[24] The regulations provide that "[i]t is the policy of the executive branch of government to disclose public records and to provide copies of those records in an expeditious manner."[25] Allowing the State to serially assert disclosure exemptions during different stages of proceedings and obtain separate rulings on each one would create a risk of indefinite litigation, waste judicial resources, and be unfair to Public Records Act requesters, most of whom likely have far less capacity to engage in lengthy, drawn-out litigation than the State.

Though we do not adopt a per se waiver rule, procedural rules may prevent serial objections in some public records cases. For example, the State may be required in its answer to raise all reasons a records request may not be honored.[26] And superior

---

[23] *Gwich'in Steering Comm. v. State, Office of the Governor*, 10 P.3d 572, 578 (Alaska 2000) (quoting *City of Kenai v. Kenai Peninsula Newspapers, Inc.*, 642 P.2d 1316, 1323-24 (Alaska 1982)).

[24] The regulations were promulgated "to ensure that requests for disclosure of public records . . . are handled in a timely, reasonable, and responsive manner, without infringing on the established legal rights of a person." 2 AAC 96.110 (2012).

[25] 2 AAC 96.200(a) (2012).

[26] *See* Alaska R. Civ. P. 8(b) ("A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon

(continued...)

courts have broad discretion to both implement special procedures[27] and impose sanctions in response to needless delay from serial objections.[28]

## 2. Law of the case doctrine

Basey also contends that the "law of the case doctrine" prevents the State from invoking a new disclosure exception. The law of the case doctrine is based on the principle of stare decisis,[29] meaning "to stand by things decided"; this principle requires that courts follow previous judicial decisions, known as "precedent," when the same issues again arise.[30] A similar principle, res judicata, bars the same people from bringing a second lawsuit on a claim that was or could have been raised in a prior lawsuit.[31] And, like these two doctrines, the law of the case doctrine generally precludes reconsideration

---

[26] (...continued) which the adverse party relies."); Alaska R. Civ. P. 8(c) ("In pleading to a preceding pleading, a party shall set forth affirmatively . . . any . . . matter constituting an avoidance or affirmative defense.").

[27] *See* Alaska R. Civ. P. 92 (allowing court to "proceed in any lawful manner not inconsistent with these rules, the constitution, and the common law" if civil rules prescribe no specific procedure); Alaska R. Civ. P. 94 (allowing court to dispense with rules of civil procedure "in any case where it shall be manifest . . . that a strict adherence to them will work injustice").

[28] *See* Alaska R. Civ. P. 90 (allowing court to charge party with contempt); Alaska R. Civ. P. 11(b)(1) (allowing sanctions if court determines representation to court is presented for "improper purpose," such as to "cause unnecessary delay").

[29] *Beal v. Beal*, 209 P.3d 1012, 1016 (Alaska 2009).

[30] *Stare decisis*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[31] *Res judicata*, BLACK'S LAW DICTIONARY (11th ed. 2019).

of issues that already were adjudicated in a prior appeal.[32] The doctrine applies to issues directly addressed in a prior appeal, to issues "necessarily inhering" in a prior appellate decision, and to issues that could have been raised in a prior appeal.[33]

The law of the case doctrine is inapplicable here. The particular issue being appealed — whether state employee disciplinary records are confidential "personnel records" exempt from disclosure — had not been ruled on by the superior court before the first appeal, and we did not decide it in the first appeal. Because the State did not assert the additional exception until after the case was remanded, the issue did not "necessarily inhere" in our first decision, nor could it have been raised in the prior appeal. We therefore reject Basey's law of the case argument.

## B.    Statutory Interpretation[34]

The Alaska Public Records Act establishes a right of every person to inspect public agency records in the state; this right is subject to certain enumerated exceptions, including when the record is "required to be kept confidential by a federal law or regulation or by state law."[35] The State argues that the troopers' disciplinary records Basey requested are required to be kept confidential under AS 39.25.080 as "personnel records" and that the superior court thus properly denied Basey's request for

---

[32]    *Beal*, 209 P.3d at 1016.

[33]    *Id.* at 1017 (quoting *State Commercial Fisheries Entry Comm'n v. Carlson*, 65 P.3d 851, 859 n.52 (Alaska 2003)).

[34]    We apply our independent judgment to questions of statutory interpretation, considering a statute's "text, legislative history, and purpose." *Basey v. State, Dep't of Pub. Safety, Div. of Alaska State Troopers, Bureau of Investigations*, 408 P.3d 1173, 1176 (Alaska 2017) (quoting *Lingley v. Alaska Airlines, Inc.*, 373 P.3d 506, 512 (Alaska 2016)).

[35]    AS 40.25.120(a)(4).

injunctive relief seeking their disclosure. Alaska Statute 39.25.080(a) provides generally that "[s]tate personnel records, including employment applications and examination and other assessment materials, are confidential and are not open to public inspection." Subsection (b) specifies a number of exceptions to the non-disclosure rule: Information regarding employee names, titles, classifications, employment dates, compensation, and "whether a state employee has been dismissed or disciplined for a violation of AS 39.25.160(*l*) (interference or failure to cooperate with the Legislative Budget and Audit Committee)" are open to public inspection.[36]

The issue before us is whether general disciplinary records are "personnel records" under AS 39.25.080(a). "We interpret statutes 'according to reason, practicality, and common sense, taking into account the plain meaning and purpose of the law as well as the intent of the drafters.' "[37] We begin by examining the text.[38] We apply a sliding scale approach to statutory interpretation, and "[t]he plainer the statutory language is, the more convincing the evidence of contrary legislative purpose or intent must be" to overcome that plain meaning.[39] We also "narrowly construe[]" Public Records Act exemptions "to further the legislative policy of broad access."[40]

---

[36]     AS 39.25.080(b).

[37]     *Michael W. v. Brown*, 433 P.3d 1105, 1109 (Alaska 2018) (quoting *Marathon Oil Co. v. State, Dep't of Nat. Res.*, 254 P.3d 1078, 1082 (Alaska 2011)).

[38]     *Mat-Su Valley Med. Ctr., LLC v. Bolinder*, 427 P.3d 754, 763 (Alaska 2018).

[39]     *Id.* (alteration in original) (quoting *State, Dep't of Commerce, Cmty. & Econ. Dev., Div. of Ins. v. Alyeska Pipeline Serv. Co.*, 262 P.3d 593, 597 (Alaska 2011)).

[40]     *Basey v. State, Dep't of Pub. Safety, Div. of Alaska State Troopers, Bureau of Investigations*, 408 P.3d 1173, 1176 (Alaska 2017) (quoting *Gwich'in Steering Comm.*
(continued...)

### 1. Plain language

Alaska Statute 39.25.080's plain language indicates that "personnel records" is meant to be interpreted broadly to include disciplinary records. The term "personnel records" is not defined in the Act, but absent "a definition, we construe statutory terms according to their common meaning."[41] The word "personnel" can mean "[t]he people employed by or active in an organization, business, or service" or "[t]he department of human resources in an organization."[42] Either definition supports including disciplinary records. If the term encompasses any record related to an employee or maintained by a human resources department, then surely it includes disciplinary records.

It may appear at first glance that the statute provides only two illustrative examples: it specifies that "personnel records, including employment applications and examination and other assessment materials, are confidential" subject to enumerated exceptions.[43] But we construe the use of " 'including' . . . as though followed by the phrase 'but not limited to.' "[44] The plain meaning of this provision thus requires

---

[40]    (...continued)
*v. State, Office of the Governor*, 10 P.3d 572, 578 (Alaska 2000)).

[41]    *Alaska Ass'n of Naturopathic Physicians v. State, Dep't of Commerce*, 414 P.3d 630, 635 (Alaska 2018).

[42]    *Personnel*, THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE  (5th ed. 2016); *see also Personnel*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("1. Collectively, the people who work in a company, organization, or military force.  2. A corporate department in charge of hiring and firing staff and dealing with employee problems.").

[43]    AS 39.25.080(a).

[44]    AS 01.10.040(b).

"personnel records" to be read broadly, rather than limited to records pertaining to employment applications and assessment materials. Indeed, the "including" language appears to be intended only to ensure that pre-employment records are within the definition of "personnel records."

And — assuming ambiguity — the statutory text as a whole supports giving "personnel records" a broad interpretation. As noted, AS 39.25.080(a) provides that personnel records "are confidential and are not open to public inspection except as provided in this section." Subsection (b) then excepts certain employee information that "is available for public inspection":

> (1) the names and position titles of all state employees;
>
> (2) the position held by a state employee;
>
> (3) prior positions held by a state employee;
>
> (4) whether a state employee is in the classified, partially exempt, or exempt service;
>
> (5) the dates of appointment and separation of a state employee;
>
> (6) the compensation authorized for a state employee; and
>
> (7) whether a state employee has been dismissed or disciplined for a violation of AS 39.25.160(*l*) (interference or failure to cooperate with the Legislative Budget and Audit Committee).[45]

If the items listed in subsection (b) were not personnel records, subsection (a) would not prohibit disclosure and there would be no reason for subsection (b)'s exceptions.

The statute's plain language indicates that only the types of personnel records listed in subsection (b) may be disclosed. The *expressio unius est exclusio*

---

45      AS 39.25.080(b).

*alterius* canon of statutory construction "establishes the inference that, where certain things are designated in a statute, 'all omissions should be understood as exclusions.' The maxim . . . is essentially an application of common sense and logic."[46]  Given that a specific type of disciplinary record may be disclosed,[47] the logical inference is that under the statute all disciplinary records are personnel records.  Absence of other disciplinary records from the list of disclosable personnel records implies that all other disciplinary records must be confidential.

We are unpersuaded by the ACLU's argument, citing *Alaska State Commission for Human Rights v. Anderson*, that the *expressio unius* canon is "less persuasive when applied to two acts passed far apart in time."[48]  In contrast to the case the ACLU primarily relies on,[49] in this case we are required to interpret subsections of the same statute rather than two entirely different statutes.  And although subsection (b)(7) — relating to disclosable disciplinary records — was adopted after the rest of the statute, that fact weighs in favor of applying the canon here.  The logical reason the legislature singled out one type of disciplinary record as an exception to the general non-disclosure rule is that it believed the records otherwise would be confidential.  We also are unconvinced by the ACLU's argument that the inclusion of disciplinary records within the scope of AS 39.25.080(a) is less persuasive due to the

---

**46**      *Alaska State Comm'n for Human Rights v. Anderson*, 426 P.3d 956, 964 n.34 (Alaska 2018) (quoting *Croft v. Pan Alaska Trucking, Inc.*, 820 P.2d 1064, 1066 (Alaska 1991)).

**47**      *See* AS 39.25.080(b)(7).

**48**      426 P.3d at 964 (quoting *Arabian Motors Grp. v. Ford Motor Co.*, 228 F. Supp. 3d 797, 806 (E.D. Mich. 2017)).

**49**      *See id*. at 964-65 (declining to apply *expressio unius* to interpret several unrelated statutes passed at different times).

absence of "lengthy, thoughtful discussion by the legislature" indicating that it meant to exclude one thing by including another; the interpretive canon focuses solely on statutory text, not legislative statements.

## 2. Legislative history and purpose

The State convincingly argues that the legislative history and purpose of AS 39.25.080 support a broad interpretation of personnel records and the conclusion that only the listed personnel records may be disclosed. The statute's relevant language was amended in 1982 following the recommendations of a commission convened by the legislature to undertake a comprehensive review of Alaska's personnel system.[50] In a report discussing the recommended changes, the commission explained the proposed change to AS 39.25.080:

> Current law provides that the state personnel records are public except for those which the rules require to be kept confidential. . . . The commission decided that it was more appropriate to indicate what materials actually are open to the public, and to make the remaining records confidential. The public materials are listed in subsection (b).[51]

Memoranda written by the commission's administrative and research assistant indicate that the amendments were meant to be consistent with the then-in-effect Personnel Rules, making all except a few specific personnel records confidential.[52] These statements

---

[50]     Ch. 112, § 5, SLA 1982; Blue Ribbon Comm'n on the State Pers. Act, Rep. of the Blue Ribbon Comm'n on the State Pers. Act to the Twelfth Alaska State Legis. First Sess., 12th Leg., 1st Sess. at 1, Alaska Leg. Microfiche Collection No. 1363 (1981) (hereinafter Blue Ribbon Report).

[51]     Blue Ribbon Report, *supra* note 50, at 9.

[52]     Blue Ribbon Comm'n on the State Pers. Act, Memorandum on S.B. 193 (Mar. 31, 1981) (in H. Jud. Comm. file for S.B. 193).

support the State's argument that AS 39.25.080 creates a broad non-disclosure rule with a few specifically enumerated exceptions.

The legislative history also shows that existing practice had been to keep disciplinary records confidential and that the legislature sought to maintain that practice when amending AS 39.25.080. The Personnel Rules in effect in June 1980 provided that "employee records shall be public records" with a few exceptions, including one for "confidential materials so designated by the Director [of the Department of Administration]."[53] One of the materials designated as confidential by the Director was "[d]isciplinary letters/memos for State connected employment."[54] Given the commission's intent to codify existing practices under the Personnel Rules, this is additional evidence that disciplinary records were a type of personnel record meant to be confidential under the statute.

The State asserts that the Personnel Act's purpose also supports the State's position. The Act's purpose is "to establish a system of personnel administration based upon the merit principle and adapted to the requirements of the state to the end that persons best qualified to perform the functions of the state will be employed, and that an effective career service will be encouraged, developed, and maintained."[55] The State contends that "[c]onfidentiality 'likely produces candor' "[56] and that employees more

---

[53] *See* Pers. Rule 14.07.0 (June 1980) (in S. State Affairs Comm. File for S.B. 193 (1982)).

[54] STATE OF ALASKA, DEP'T OF LAW, OP. ATT'Y GEN., 1980 WL 27608 at *1 (Feb. 20, 1980).

[55] AS 39.25.010(a).

[56] *See Wakefield Teachers Ass'n v. Sch. Comm. of Wakefield*, 731 N.E.2d 63, 70 (Mass. 2000) ("The exemption from disclosure of personnel files and information has,

(continued...)

likely will admit mistakes or explain their actions if they do not risk public disclosure and potential embarrassment. The State thus presents a legitimate policy of maintaining employee disciplinary records' confidentiality as a critical component of the "evaluation and correction process."

Although the ACLU is correct that "[t]he Public Records Act reflects the legislature's commitment to ensure that government affairs are transparent and readily open to scrutiny by the public," this legislative commitment cannot override the plain meaning of another statute expressly limiting transparency and public scrutiny. The Public Records Act explicitly contemplates that some records should be kept confidential, despite the general open disclosure policy.[57]

### 3. Case law

Basey, the ACLU, and the Press Amici argue that our case law supports Basey's position that disciplinary records are not "personnel records." They cite *Alaska Wildlife Alliance v. Rue*;[58] *International Ass'n of Fire Fighters, Local 1264 v. Municipality of Anchorage*;[59] *Jones v. Jennings*;[60] and *Doe v. Alaska Superior Court*[61] for the proposition that we have narrowly defined "personnel records" to include only

---

[56] (...continued)
among other benefits, the protection of the government's ability to function effectively as an employer.").

[57] *See* AS 40.25.120(a)(1)-(18) (providing various exceptions to general rule that "[e]very person has a right to inspect a public record in the state").

[58] 948 P.2d 976 (Alaska 1997).

[59] 973 P.2d 1132 (Alaska 1999).

[60] 788 P.2d 732 (Alaska 1990).

[61] 721 P.2d 617 (Alaska 1986).

those records revealing information about an employee's personal life. We reject this argument and interpret the statute according to its plain language.

In *Alaska Wildlife Alliance* we addressed whether employee time sheets were "personnel records" under AS 39.25.080(a).[62] We reasoned that the statute's personnel records examples — "employment applications" and "examination materials" — both contained details about an employee's or applicant's personal life, whereas the information permitted to be disclosed under AS 39.25.080(b), such as "position titles," "dates of appointment and separation," and "compensation authorized," "simply describe[d] employment status."[63] We concluded that, because time sheets merely indicated the hours an employee worked, they were "properly included in the definition of public records" and not subject to AS 39.25.080(a)'s confidentiality provision.[64]

In sum, *Alaska Wildlife Alliance* looked less at statutory interpretation, where the answer lies, and instead to an unrelated and irrelevant contrast of what could be considered personal and non-personal information. In light of our statutory analysis of AS 39.25.080, *Alaska Wildlife Alliance*'s continuing validity is questionable.

The other cases Basey and the amici cite similarly fail to support Basey's argument. *Doe* concluded that AS 39.25.080 was inapposite because the statute did "not apply to State Medical Board members."[65] The proper interpretation of "personnel records" under AS 39.25.080 was not at issue in *Jones*[66] or *Local 1264*;[67] both *Jones*[68]

---

[62] 948 P.2d at 980.

[63] *Id.*

[64] *Id.*

[65] 721 P.2d at 622.

[66] *See Jones v. Jennings*, 788 P.2d 732, 737 n.8 (Alaska 1990) ("We need not
(continued...)

-18-                    **7446**

and *Local 1264*[69] addressed only whether requested records were disclosable under the Anchorage Municipal Code and whether disclosing those records would violate the Alaska Constitution.  And *Local 1264*'s "personnel records" definition, relying on *Alaska Wildlife Alliance*, was dictum and inconsistent with the term's general meaning.[70]

### 4.    Conclusion

Based on the statute's plain language, legislative history, and statutory purpose, we conclude that state employee disciplinary records are confidential "personnel records" under the State Personnel Act.  Because disciplinary records are "personnel records" and because by statute only disciplinary records reflecting discipline for a violation of AS 39.25.160(*l*) are disclosable, we affirm the superior court's decision.  We therefore need not address whether disclosing disciplinary records would violate the troopers' constitutional privacy rights.

## IV.    CONCLUSION

We AFFIRM the superior court's decision.

---

[66]     (...continued)
decide today whether AS 39.25.080 includes municipal employees . . . .").

[67]     *See Int'l Ass'n of Fire Fighters, Local 1264 v. Municipality of Anchorage*, 973 P.2d 1132, 1133-37 (Alaska 1999) (concluding disclosure of municipal employees' names and salaries did not violate Alaska Constitution or municipal code).

[68]     *See Jones,* 788 P.2d at 733.

[69]     *See Local 1264*, 973 P.2d at 1133.

[70]     *See id.* at 1134-35.