NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

## THE SUPREME COURT OF THE STATE OF ALASKA

TERRACE L. SOLOMON, )
                               )  Supreme Court No. S-17476
             Appellant, )
                               )  Superior Court No. 3AN-15-04521 CI
      v. )
                               )  <u>MEMORANDUM OPINION</u>
WENDY SOLOMON, n/k/a WENDY )       <u>AND JUDGMENT</u>*
RACER, )
                               )  No. 1791 – September 23, 2020
             Appellee. )
                               )

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Gregory Miller, Judge.

Appearances: Terrace L. Solomon, pro se, Tarpon Springs, Florida, Appellant. No appearance by Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, Carney, and Borghesan, Justices.

1.      This child custody matter is before us for the second time. We previously remanded one issue, requiring the superior court to make findings sufficient to permit appellate review of its determination that Terrace Solomon had a history of perpetrating domestic violence barring him from having legal or physical custody of his children.[1]

---

\*      Entered under Alaska Appellate Rule 214.

[1]     *Solomon v. Solomon*, 420 P.3d 1234, 1243 (Alaska 2018).

2. The superior court sought proposed factual findings and legal conclusions from the parties and again listened to the trial testimony. The court then made substantial findings concerning four incidents supporting its determination that Terrace had a history of perpetrating domestic violence.[2] Terrace again appeals, arguing generally that insufficient evidence supports the court's determination.[3]

3. We have reviewed the record and the superior court's factual findings — which Terrace does not contest in his briefing — and we see no error in its determination of a history of perpetrating domestic violence. We therefore AFFIRM the court's decision.

---

[2] AS 25.24.150(h) ("A parent has a history of perpetrating domestic violence . . . if the court finds that . . . the parent has engaged in more than one incident of domestic violence."). Because the court determined Terrace had a history of perpetrating domestic violence it applied the domestic violence presumption of AS 25.24.150(g), barring him from having legal or physical custody of his children until he can rebut the presumption with adequate evidence.

[3] Terrace also contends the court erred by finding Wendy Solomon credible, by denying his motion to continue the November 2016 trial, by denying him his Sixth Amendment right to confront his accusers, and in its property division. The law of the case doctrine precludes reconsideration of these issues, as the former two claims were addressed in the previous appeal, and the latter two claims could have been, but were not, raised in that appeal. *See Basey v. State, Dep't of Pub. Safety, Div. of Alaska State Troopers, Bureau of Investigations*, 462 P.3d 529, 534 (Alaska 2020) (explaining that law of the case doctrine precludes reconsidering issues already adjudicated and raising issues that could have been adjudicated in prior appeal).