*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| In the Matter of the Adoption of<br><br>C.R. and E.R.,<br><br>Minors.<br>_____ | Supreme Court Nos. S-19011/19015/<br>19025/19031/19035/19036<br>(Consolidated)<br><br>Superior Court Nos. 3PA-19-00398 PR/<br>3PA-19-00399 PR/3PA-18-00059 CN/<br>3PA-18-00089 CN |
| EDNA L. and JOHN L.,<br><br>Appellants and<br>Cross-Appellees,<br><br>v.<br><br>STATE OF ALASKA,<br>DEPARTMENT OF FAMILY &<br>COMMUNITY SERVICES, OFFICE<br>OF CHILDREN'S SERVICES,<br><br>Appellee and<br>Cross-Appellant,<br><br>and<br><br>B.R. and M.R., and CHARLES F.,<br><br>Appellees. | O P I N I O N<br><br>No. 7778 – July 25, 2025 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Jonathan A. Woodman, Judge.

Appearances: Amanda J. Harber, 49th State Law, LLC, Soldotna, and Monique Eniero, Anchorage, for Appellant and Cross-Appellee Edna L. Alicia Porter, Law Office of Alicia Porter, Anchorage, and Olena Kalytiak Davis,

Anchorage, for Appellant and Cross-Appellee John L.  J. Stefan Otterson, Otterson Law & Mediation, P.C., Anchorage, and Renee McFarland, Assistant Public Defender, and Terrence Haas, Public Defender, Anchorage, for Appellee Charles F.  Kimberly D. Rodgers, Assistant Attorney General, Anchorage, and Treg Taylor, Attorney General, Juneau, for Appellee and Cross-Appellant State of Alaska.  Windy Hannaman, Law Office of Windy Hannaman, LLC, Palmer, for Appellees B.R. and M.R.  Paul F. McDermott, Assistant Public Advocate and James Stinson, Public Advocate, Anchorage, for Guardian ad Litem.

Before:  Maassen, Chief Justice, and Carney, Henderson, and Pate, Justices, and Winfree, Senior Justice.[*] [Borghesan, Justice, not participating.]

CARNEY, Justice.

## I.    INTRODUCTION

After the superior court terminated a mother's and father's parental rights in two consolidated child in need of aid (CINA) cases (referred to as the CINA case), they appealed the termination to us.  We reversed the termination order and remanded for further proceedings.  But while the appeal was pending, the children's foster parents petitioned to adopt them, and the superior court granted the petitions (referred to collectively as the adoption or the adoption case).

On remand the superior court did not require the Office of Children's Services (OCS) to make further efforts to reunify the family as we had intended.  It instead reevaluated the same information that had been before it when it terminated parental rights the first time and then ordered the parents' parental rights terminated again.  The parents once more appealed and we again reversed the termination order.

---

[*]    Sitting by assignment made under article IV, section 11 of the Alaska Constitution and Alaska Administrative Rule 23(a).

Because the parties had referred to the children's adoption during the second appeal, we instructed the superior court on remand to consider the effect of the adoption on the CINA case.

On remand for the second time, the parents sought to vacate the adoption and reopen the CINA case. The adoptive parents opposed. They argued that the parents' attempt to vacate the adoption was barred because the adoption statute prohibits challenging an adoption for any reason more than one year after it is entered. The parents argued that the adoption statute's one-year challenge period was tolled by their appeal of the termination order because that appeal implicitly appealed the adoption and had been filed before the adoption was finalized. The adoptive parents disagreed, arguing that only an appeal of an adoption decree itself could toll the one-year time period. They asserted that the parents' failure to do that barred them from challenging the adoption.

The superior court agreed with the adoptive parents. It concluded that because the parents had not appealed the adoption within a year of the decree's entry, their attempt to vacate the adoption was untimely. The court also concluded that the motion to reopen the CINA case was moot because the adoption remained valid, and the children were no longer in need of aid. The parents appealed.

We affirmed the superior court's judgment in a brief order following oral argument, stating that an opinion would follow. This is that opinion.

## II.  FACTS AND PROCEEDINGS

### A.  Facts

This is the third time this family has been before us.[1] The older child Chris was born to Edna and Charles. The two divorced and Edna later married John. Edna and John have a daughter named Ann. Chris spent much of his life in and out of OCS custody and in foster care in response to reported substance abuse, neglect, and

---

[1]    We use pseudonyms to protect the family's privacy.

domestic violence in the family home.[2]  When Ann was born showing signs of withdrawal from drugs, OCS took emergency custody of her too, and placed her in the same foster home as Chris.

## B.    Proceedings

### 1.    First termination and reversal

Edna's and John's parental rights were terminated in June 2019 after the court found they had failed to remedy their conduct within the expedited timeline of the Families with Infants and Toddlers (FIT) court.  Charles agreed to relinquish his parental rights after Edna's were terminated.[3]  Edna and John appealed the termination order.  Meanwhile the foster parents, B.R. and M.R., petitioned to adopt Chris and Ann in October 2019.  The court held a hearing and finalized the adoption on November 14, 2019.

In December 2020 we reversed the termination order[4] because the FIT court's expedited and predetermined timelines denied the parents their statutory right to a reasonable time to remedy their conduct.[5]  We remanded the case for further proceedings.[6]

---

[2]     A detailed description of this family's history with OCS can be found in our previous decisions.  *See Edna L. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 477 P.3d 637, 638-39 (Alaska 2020); *John L. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, Nos. S-18254/18256, 2022 WL 4353936, at *1 (Alaska Sept. 13, 2022).

[3]     *Edna L.*, 477 P.3d at 638 n.2.

[4]     *Id.*

[5]     *John L.*, 2022 WL 4353936, at *1.

[6]     *Edna L.*, 477 P.3d at 649.

## 2. Second termination and reversal

On remand the superior court did not reopen the CINA case, and instead reconsidered the record as it existed when it terminated parental rights the first time.[7] Edna moved for a visitation hearing in August 2021 and the same day moved to vacate the adoption because it was based on a termination order that we ultimately reversed. The court denied both motions and determined that, even setting aside the FIT court's predetermined timelines, Edna and John had failed to remedy their conduct within a reasonable time. It re-terminated parental rights in November 2021.

Edna and John appealed again in December 2021, and we reversed a second time in September 2022.[8] We explained that we had remanded for OCS to make further efforts to reunify the family, not for the court to reconsider the same evidence and reach the same conclusion based upon a timeline that we had previously determined "clearly worked to the parents' disadvantage."[9] We again remanded to the superior court to order OCS to make further reunification efforts.[10] And we noted that the parties had brought the children's adoption to our attention, but stated:

> [T]here is nothing in the record about the adoption proceedings or why and how the adoption took place while the appeal(s) were pending, nor did the parties discuss the effect of the adoption on the underlying proceedings. We express no opinion whether the adoption is valid or invalid or whether the adoption renders further child in need of aid

---

[7] *See John L.*, 2022 WL 4353936, at *1 ("OCS and the guardian ad litem persuaded the superior court to simply look again at the termination trial evidence — without regard to the abbreviated nature of the case — to see if the parents actually had the statutorily required 'reasonable time' to remedy the conduct or conditions rendering the children in need of aid . . . .").

[8] *Id.*

[9] *Id. See Edna L.*, 477 P.3d at 645.

[10] *John L.*, 2022 WL 4353936, at *1.

proceedings moot.  The superior court will likely be required to consider these issues on remand.[11]

### 3. Motions to vacate the adoption and reopen CINA case

In May 2023 Edna filed a motion in the adoption case, which John joined, for relief under Alaska Civil Rule 60(b).[12]  First she argued that her motion was not barred by the one-year deadline to appeal an adoption.[13]  She argued that her appeal of the termination order, which she filed before the adoption was finalized, fit within the statute's tolling provision:  "[s]ubject to the disposition of an appeal."[14]  She argued that the court should construe "an appeal" to include an appeal of the termination order for two reasons.  First, she argued that the statutory chapter regarding adoption "incorporates the termination of a parent-child relationship."  And second, she pointed out that without the termination order the adoption could only have occurred if she consented.

In the alternative, Edna asked the court to find that the limitation period was tolled because she was not provided notice of the adoption hearing.  She

---

[11]    *Id*. at \*1 n.8.

[12]    The court appointed an attorney for her in the adoption case under Administrative Rule 12(e)(1).

[13]    AS 25.23.140(b) provides:  "Subject to the disposition of an appeal, upon the expiration of one year after an adoption decree is issued, the decree may not be questioned by any person including the petitioner, in any manner upon any ground, including fraud, misrepresentation, failure to give required notice, or lack of jurisdiction of the parties or of the subject matter, unless, in the case of the adoption of a minor the petitioner has not taken custody of the minor, or, in the case of the adoption of an adult, the adult had no knowledge of the decree within the one-year period."

[14]    *Id*.

acknowledged that she was not entitled to notice because her parental rights had been terminated,[15] but emphasized that we had reversed the termination order.

Edna argued she was entitled to relief under Alaska Civil Rule 60(b). She argued that under Rule 60(b)(1)[16] and (3)[17] the adoption decree contained a false statement and a material misrepresentation: that there were no other pending cases involving the children at the time. Edna also argued under Rule 60(b)(4) that the adoption decrees were void because they were premised upon a termination order that we later reversed.[18] John joined Edna's motions.

OCS opposed vacating the adoption but asked the court to reopen the CINA case. OCS asserted that after the second remand it had resumed reunification efforts with Edna and John. It asked the court to keep the adoption in place but grant it legal supervision of the children so that it could continue making reunification efforts. OCS also agreed with Edna that an appeal of a termination order qualifies as "an appeal" under AS 25.23.140(b) because the close procedural relationship between adoption and CINA cases supports construing the statute broadly.

The guardian ad litem (GAL) opposed Edna's motions. The GAL argued that despite our reversal of the two termination orders, the legislature had intended "to establish a final absolute end to the time that an adoption may be questioned." That purpose, he argued, supported interpreting "an appeal" to mean an appeal only of the

---

[15]     *See* AS 25.23.050(a)(5) ("Consent to adoption is not required of . . . a parent whose parental rights have been terminated by order of the court . . . .").

[16]     Alaska R. Civ. P. 60(b)(1) (providing for relief when prior judgment is result of "mistake, inadvertence, surprise or excusable neglect").

[17]     Alaska R. Civ. P. 60(b)(3) (providing for relief when prior judgment is result of "fraud . . . misrepresentation, or other misconduct of an adverse party").

[18]     Alaska R. Civ. P. 60(b)(4) (providing for relief when prior judgment "is void").

adoption decree itself. The GAL urged the court to deny Edna's motions and dismiss the case.

Chris's father Charles argued that only an appeal of an adoption decree could toll the limitation period, and because Edna and John did not seek to vacate the November 2021 adoption decrees until May 2023 their motion was barred. He argued that AS 25.23.140(b) is "a strong policy statement by the Alaska Legislature that an adoption decree should not be challenged on any ground after one year."[19] To allow "any appeal" to toll the limitations period, he argued, would defeat the purpose of the statute.

Charles also pointed out that Edna could have moved for a stay of the termination order pending the disposition of her appeal under CINA Rule 21(b) if she believed the foster parents planned to file an adoption petition.[20] He argued that Edna and John should have done so, which would have prevented OCS from consenting to the adoption, and that their failure to do so now precluded them from relief. Charles also argued the court should decline to find the one-year time period tolled on equitable grounds. He asked the court to interpret AS 25.23.140(b) as a statute of repose, which would bar the application of equitable tolling principles.

The adoptive parents argued Edna had failed to do her "due diligence to request a stay" of the termination order and urged the court to maintain the adoption. They also argued that her motion to reopen the CINA case was therefore moot because the children had been adopted and were no longer in need of aid.

---

[19] *Hernandez v. Lambert*, 951 P.2d 436, 441-42 (Alaska 1998) (quoting *In re Adoption of T.N.F.*, 781 P.2d 973, 980 (Alaska 1989)).

[20] *See* CINA Rule 21(b) ("An order, judgment or decision of the superior court remains in effect pending appeal or review, unless stayed by order of the superior court or the supreme court."); *see also* Alaska Adpt. R. 15(b) ("An order, judgment or decision of the superior court remains in effect pending appeal or review, unless stayed by order of the superior court or the supreme court.").

Chris's attorney submitted a closing argument on his behalf in which he stated he did "not want to be reunited with his birth mother." He emphasized that the legislature's purpose in setting the one-year limitation in AS 25.23.140(b) was "to protect children" like Chris by providing finality and stability within his home life.

### 4.    Reaffirmance of adoption and dismissal of CINA case

In February 2024 the superior court denied Edna and John's Rule 60(b) motion and determined that the motion to reopen the CINA case was moot. The court acknowledged that adoption and CINA proceedings are often related to one another, but it cited our observation in *In re Adoption of T.N.F.* that AS 25.23.140(b) "recognize[s] that at some point adoptions must become final. To allow collateral attacks on final adoption decrees at any time threatens to unreasonably disrupt the upbringing of the adopted child."[21] It concluded that Edna and John's Rule 60(b) motion was barred because it was filed far more than one year after the adoption was finalized.

The court disagreed with Charles's argument that AS 25.23.140(b) should be interpreted as a statute of repose. It characterized Edna's argument that she did not receive notice of the adoption proceedings as an argument for equitable tolling of the one-year limit. It concluded that the statute's plain language expressly prohibits challenges to an adoption for lack of notice or subject matter jurisdiction.[22] And the court held that in any event Edna was not entitled to equitable relief because her testimony during an October 2023 hearing demonstrated she had constructive notice that the foster parents would seek to adopt the children.

---

[21]    781 P.2d at 980.

[22]    *See* AS 25.23.140(b) ("Subject to the disposition of an appeal, upon the expiration of one year after an adoption decree is issued, the decree may not be questioned by any person . . . in any manner upon any ground, including fraud, misrepresentation, *failure to give required notice*, or *lack of jurisdiction* of the parties or of the subject matter.") (emphasis added).

The court also concluded that the CINA case was moot because the adoption remained valid and the children were no longer in need of aid.

Edna and John appeal.[23]  OCS cross-appeals on the issue of whether the Rule 60(b) motion was timely.

## III.  STANDARD OF REVIEW

Statutory interpretation is a question of law which we review de novo,[24] using our independent judgment.[25]  "We review denial of Rule 60(b) motions, except for those brought under Rule 60(b)(4), for abuse of discretion."[26]  "We review the superior court's decision on a Rule 60(b)(4) motion de novo because the validity of a judgment is strictly a question of law."[27]

"[W]e will refrain from deciding questions where events have rendered the legal issue moot."[28]  "Because it is a matter of judicial policy, mootness presents a

---

[23]     Edna and John also filed a Motion for Expedited Partial Remand on July 7, 2024, asking us to order the CINA case reopened immediately and requiring reunification efforts to resume.  They also requested that this matter be assigned to a new judge.  We denied both motions.

[24]     *Alaskans for Efficient Gov't, Inc. v. Knowles*, 91 P.3d 273, 275 (Alaska 2004).

[25]     *State v. Planned Parenthood of the Great Nw.*, 436 P.3d 984, 991 (Alaska 2019).

[26]     *Szabo v. Mun. of Anchorage*, 320 P.3d 809, 812 (Alaska 2014) (footnote omitted).

[27]     *Id*. at 812-13 (quoting *Blaufuss v. Ball*, 305 P.3d 281, 285 (Alaska 2013)).

[28]     *Fairbanks Fire Fighters Ass'n, Loc. 1324 v. City of Fairbanks*, 48 P.3d 1165, 1167 (Alaska 2002) (quoting *Gerstein v. Axtell*, 960 P.2d 599, 601 (Alaska 1998)).

question of law. We therefore apply our independent judgment to claims of mootness."[29]

## IV. DISCUSSION

This case involves two distinct types of proceedings: termination of parental rights in a CINA case and adoption. Edna and John appeal the validity of Chris and Ann's adoption, and seek to reopen the CINA case. To overcome the superior court's determination that their motion to reopen the CINA case was moot, they needed to show that they were entitled to relief in the adoption case. For their appeal of the adoption to be timely, they were required to file it within AS 25.23.140(b)'s one-year period to challenge an adoption decree. Because they did not file their adoption appeal within the one-year period, the appeal is untimely and the adoption remains valid. And because the adoption remains valid, the children are not in need of aid, and the CINA case is moot.

### A. Statutory Background

Alaska Statutes Title 47, chapter 10 governs CINA proceedings.[30] CINA cases are child protection cases intended to ensure that each Alaskan child "receive[s] the care, guidance, treatment, and control that will promote the child's welfare and the parents' participation in . . . [the child's] upbringing . . . to the fullest extent consistent with the child's best interests."[31] The statutes establish criteria that empower OCS to intervene to address unsafe conduct by parents.[32] After a child is removed from home due to safety concerns, the CINA statutes create a path toward reunification.[33] If

---

[29] *Peter A. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 146 P.3d 991, 993-94 (Alaska 2006) (citing *Akpik v. State, Off. of Mgmt. & Budget*, 115 P.3d 532, 534 (Alaska 2005)).

[30] *See* AS 47.10.005-.142.

[31] AS 47.10.005(1).

[32] *See* AS 47.10.011(1)-(12).

[33] *See* AS 47.10.086(a).

reunification efforts fail to remedy the conduct or conditions that made the child unsafe, OCS is directed to petition the court to terminate parental rights if it is in the best interests of the child.[34] Termination of parental rights extinguishes the legal relationship between the parent and the child, and OCS retains custody of the child.[35] After parental rights have been terminated, the child may be adopted if potential adoptive parents are available.[36]

Separate provisions of Alaska law govern adoption.[37] Title 25, chapter 23 of the Alaska Statutes authorizes adoption in a variety of circumstances.[38] Two statutory sections, AS 25.23.130 and 25.23.180, address the adoption of a child following termination of parental rights in a CINA case.

In the case of an adoption following termination of parental rights, both the CINA and adoption statutory schemes — although separate — apply to portions of the child's legal path to adoption.[39] The present case requires us to look more closely at the relationship between the different statutory schemes than we have previously been called upon to do.

---

[34]    *See id*. (requiring OCS to "make timely, reasonable efforts . . . designed to prevent out-of-home placement of the child or to enable the safe return of the child to the family home . . . ."); AS 47.10.088(d) (establishing criteria for involuntary termination of parental rights).

[35]    AS 47.10.088(d), (h); *see also* AS 25.23.180(c)(1).

[36]    AS 47.10.088(a)(1)-(2); *see also* AS 25.23.130(a)(1).

[37]    *See* AS 25.23.005-.240.

[38]    *See* AS 25.23.010 ("Any person may be adopted."); AS 25.23.020 (including husband and wife, unmarried adult, or married person without spouse joining adoption petition among parties who may adopt); *see also* AS 25.23.180(e) (recognizing "termination of the relationship of parent and child in connection with an adoption proceeding").

[39]    *See supra* note 40; *see also* AS 47.10.088(a) (establishing criteria for termination of parental rights "for purposes of freeing the child for adoption").

**B.    The Current Appeal**

Edna's and John's parental rights have been terminated twice and the termination orders reversed each time. The first termination order severed their legal relationship to Chris and Ann on March 29, 2019.[40] The termination of their parental rights was reversed on December 24, 2020.[41] During the intervening time, however, Chris and Ann had no legal relationship to Edna and John. And it was during that time, on October 17, 2019, that B.R. and M.R. filed their petitions to adopt the children. Because their parental rights had been terminated, Edna and John did not receive, and were not entitled to receive, notice of the adoption proceedings.[42]

After the superior court terminated their parental rights, Edna and John filed timely appeals of the termination order. Neither Edna nor John moved to stay the termination order.[43] After OCS consented to the children's adoption, the superior court found that adoption was in Chris's and Ann's best interests.[44] It granted the adoption petitions on November 14, 2019. Alaska Statute 25.23.140(b) establishes a one-year deadline to challenge an adoption decree for any reason.[45] Edna and John thus had until November 14, 2020 to appeal the children's adoption by B.R. and M.R.

---

[40]    *See* AS 47.10.088(h).

[41]    *Edna L. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 477 P.3d 637, 649 (Alaska 2020).

[42]    AS 25.23.050(a)(5), (b); *see also* AS 47.10.111(e).

[43]    *See* CINA Rule 21(b) ("An order, judgment or decision of the superior court remains in effect pending appeal or review, *unless stayed by order of the superior court or the supreme court*." (emphasis added)).

[44]    *See* AS 25.23.120(c) ("If at the conclusion of the hearing the court determines . . . that the adoption is in the best interest of the person to be adopted, it may issue a final decree of adoption.").

[45]    AS 25.23.140(b) ("Subject to the disposition of an appeal, upon the expiration of one year after an adoption decree is issued, the decree may not be

By the time we reversed the first termination order in December 2020,[46] the one-year period had expired. But even after our reversal and while the children's cases were once again pending in superior court, Edna did not move to reopen the adoption case until more than six months later, in August 2021.

After the court re-terminated parental rights in November 2021,[47] Edna and John again filed timely appeals of the second termination order on December 9, 2021, and we again reversed the superior court in September 2022.[48] And we observed that the parties' references to the children's adoption would likely be an issue that the superior court would be required to address.[49] Edna waited nearly eight months to file her Rule 60(b) motion for relief in May 2023. The superior court denied it on February 26, 2024.

Edna now argues that her appeal of the first termination order qualifies as "an appeal" that tolls AS 25.23.140(b)'s one-year limitation period. She argues that because she filed her appeal in the CINA case before the adoption was finalized, the one-year time period never began to run and her Rule 60(b) motion for relief is timely. Charles, the adoptive parents, and the GAL disagree and urge us to affirm the superior court's determination that only an appeal of the adoption decree itself tolls the one-year period.

---

questioned by any person . . . in any manner upon any ground, including fraud, misrepresentation, failure to give required notice, or lack of jurisdiction of the parties or of the subject matter . . . .").

[46]     *Edna L.*, 477 P.3d at 649.

[47]     *John L. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, Nos. 18254/18256, 2022 WL 4353936, at *1 (Alaska Sept. 13, 2022).

[48]     *Id.*

[49]     *Id.* at *1 n.8.

## C. Statutory Interpretation

Whether an appeal of a termination order in a CINA case tolls the one-year appeal limit from an adoption decree requires us to interpret the adoption statute.[50] Alaska Statute 25.23.140(b) states:

> Subject to the disposition of an appeal, upon the expiration of one year after an adoption decree is issued, the decree may not be questioned by any person including the petitioner, in any manner upon any ground, including fraud, misrepresentation, failure to give required notice, or lack of jurisdiction of the parties or of the subject matter, unless, in the case of the adoption of a minor the petitioner has not taken custody of the minor, or, in the case of the adoption of an adult, the adult had no knowledge of the decree within the one-year period.

"We interpret statutes 'according to reason, practicality, and common sense, taking into account the plain meaning and purpose of the law as well as the intent of the drafters.' We begin by examining the text."[51] We also consider "the legislative history, and the legislative purpose behind the statute."[52] "We apply a sliding scale approach to statutory interpretation, and '[t]he plainer the statutory language is, the more convincing the evidence of contrary legislative purpose or intent must be' to

---

[50] Edna also argues that denying her Rule 60(b) motion deprived her of her fundamental right to parent her children, but she does not directly challenge the statute on constitutional grounds. Statutes are presumed to be constitutional, and "[a] party raising a constitutional challenge to a statute bears the burden of demonstrating the constitutional violation." *State v. Planned Parenthood of the Great Nw.*, 436 P.3d 984, 992 (Alaska 2019) (quoting *State, Dep't of Revenue v. Andrade*, 23 P.3d 58, 71 (Alaska 2001)). Edna's attorney admitted during oral argument that Edna had not challenged the statute's constitutionality.

[51] *Basey v. State, Dep't of Pub. Safety, Div. of Alaska State Troopers, Bureau of Investigations*, 462 P.3d 529, 535 (Alaska 2020) (quoting *Michael W. v. Brown*, 433 P.3d 1105, 1109 (Alaska 2018)).

[52] *City of Valdez v. State*, 372 P.3d 240, 248 (Alaska 2016) (quoting *Oels v. Anchorage Police Dep't Emps. Ass'n*, 279 P.3d 589, 595 (Alaska 2012)).

overcome that plain meaning."[53]  "When a statute or regulation is part of a larger framework or regulatory scheme," we "interpret each part or section of [the] statute with every other part or section, so as to create a harmonious whole."[54]

We first turn to AS 25.23.140(b)'s text, which does not expressly define "an appeal."  To determine its meaning, we consider "an appeal" "in light of the other portions of the regulatory whole."[55]  Subsection (b) follows subsection (a)'s authorization to appeal a final order or decree entered "*under this chapter*" — which is the adoption chapter.[56]  An appeal of an order terminating parental rights in a CINA case is not an appeal of an order or decree entered under Title 25, chapter 23.[57]

The statute also employs sweeping language.  After one year has passed from an adoption decree's entry, the decree cannot be challenged "by *any* person . . . in *any* manner upon *any* ground . . . ."[58]  If there were any doubt as to the sweep of its prohibition, the statute lists a number of defects that would ordinarily justify reversal of a judgment but that cannot be raised to attack the decree:  fraud, misrepresentation, failure to provide notice, and lack of personal or subject matter jurisdiction.[59]  The

---

[53]     *Basey*, 462 P.3d at 535 (alteration in original) (quoting *Mat-Su Valley Med. Ctr., LLC v. Bolinder*, 427 P.3d 754, 763 (Alaska 2018)).

[54]     *Alaska Airlines, Inc. v. Darrow*, 403 P.3d 1116, 1127 (Alaska 2017) (first quoting *Millman v. State*, 841 P.2d 190, 194 (Alaska App. 1992); then quoting *State, Dep't of Com., Cmty. & Econ. Dev., Div. of Ins. v. Progressive Cas. Ins. Co.*, 165 P.3d 624, 629 (Alaska 2007)).

[55]     *Id*. (quoting *Millman*, 841 P.2d at 194).

[56]     AS 25.23.140(a) (emphasis added).

[57]     *See* AS 47.10.088.

[58]     AS 25.23.140(b) (emphasis added).  Subsection (b) does not, as Edna and OCS argue, open the door for "any person" to challenge an adoption "in any manner" until the one-year deadline.

[59]     *See* AS 25.23.140(b).

statute's plain language supports construing subsection (b) in harmony[60] with subsection (a)'s authorization for an appeal "under [the adoption] chapter,"[61] such that only an appeal of an adoption decree tolls the one-year period.

The legislative purpose behind the statute also supports construing "an appeal" narrowly. In *Hernandez v. Lambert* we recognized the legislature's determination that "[a]doptive custody results in the rapid development of lasting and powerful psychological ties between the adoptive parents and children" that "can seldom be severed without irreparable damage to the child's well-being."[62] In *In re Adoption of T.N.F.*, we observed that "collateral attacks on final adoption decrees at any time threaten[] to unreasonably disrupt the upbringing of the adopted child."[63] Alaska Statute 25.23.140(b) "recognize[s] that at some point adoptions must become final,"[64] and its sweeping language further underscores the legislature's intent that "an adoption decree should not be challenged on any ground after one year."[65]

Edna and OCS point to the relationship between the CINA and adoption chapters and argue that we should construe "an appeal" broadly so that it includes an appeal of a termination order. Edna argues that cases like her own demonstrate the close statutory relationship because the adoption would not have been possible without the termination order.

But the statutes that govern CINA cases and those that govern adoption are distinct both in subject matter and in the parties over which the court has jurisdiction.

---

[60]    *See Alaska Airlines, Inc.*, 403 P.3d at 1127.

[61]    AS 25.23.140(a).

[62]    951 P.2d 436, 441-42 (Alaska 1998).

[63]    *Hernandez*, 951 P.2d at 442 (quoting *In re Adoption of T.N.F.*, 781 P.2d 973, 980 (Alaska 1989)).

[64]    *In re T.N.F.*, 781 P.2d at 980.

[65]    *Id*.

While both types of cases aim to provide for the child's best interests,[66] that common goal does not mean that an appeal of a judgment entered in one type of proceeding must toll a limitations period in the other. The adoption statute authorizes an appeal "under this chapter."[67] To construe "an appeal" broadly to encompass appeals filed under other chapters is at odds with the statute's plain language and purpose, and inconsistent with "reason, practicality, and common sense."[68]

Alaska Statute 25.23.140(b) required Edna and John to appeal the children's adoption no later than November 14, 2020. They did not. A party may move for a stay in both CINA and adoption cases,[69] but neither Edna nor John did so.[70] The adoption cannot now be challenged "by any person . . . in any manner upon any ground . . . ."[71] We also agree with the superior court that Edna's other arguments for relief, such as lack of notice and subject matter jurisdiction, are precisely the types of defects the statute expressly contemplates may not be challenged after the one-year mark.

Lastly, because the adoption remains valid, we agree that the CINA case is moot. "A claim is moot 'if it has lost its character as a present, live controversy' or 'if the party bringing the action would not be entitled to any relief even if it prevails.' "[72]

---

**66**    *See* AS 47.10.005; AS 25.23.005.

**67**    AS 25.23.140(a).

**68**    *Basey v. State, Dep't of Pub. Safety, Div. of Alaska State Troopers, Bureau of Investigations*, 462 P.3d 529, 535 (Alaska 2020) (quoting *Michael W. v. Brown*, 433 P.3d 1105, 1109 (Alaska 2018)).

**69**    *See* CINA Rule 21(b); Alaska Adpt. R. 15(b).

**70**    And as the superior court observed, "the possibility of [the children] being adopted was explicitly and openly discussed during [the] CINA proceedings and at multiple points throughout the [termination of parental rights] trial."

**71**    AS 25.23.140(b).

**72**    *Mullins v. Loc. Boundary Comm'n*, 226 P.3d 1012, 1017 (Alaska 2010) (quoting *Ulmer v. Alaska Rest. & Beverage Ass'n*, 33 P.3d 773, 776 (Alaska 2001)).

The children remain under the care of the adoptive parents and are no longer in need of aid.[73]

The superior court did not abuse its discretion by denying Edna's Rule 60(b) motion for relief, or by dismissing the CINA case as moot.

## V.    CONCLUSION

We AFFIRM the denial of relief in the adoption case and the dismissal of the CINA case as moot.

---

[73]    *See In re Tekela*, 780 N.E.2d 304, 310-11 (Ill. 2002).